## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

KENNETH GORSKI

        Plaintiff,

    v.

EL PASO ELECTRIC COMPANY,  PAUL M. BARBAS, JAMES W. CICCONI, EDWARD ESCUDERO, MARY E. KIPP, RAYMOND PALACIOS, JR., ERIC B. SIEGEL, STEPHEN N. WERTHEIMER, and  CHARLES A. YAMARONE,

        Defendants.

**CASE NO.:  19-cv-7211**

**COMPLAINT FOR VIOLATION OF FEDERAL SECURITIES LAWS**

Plaintiff Kenneth Gorski ("Plaintiff"), by his attorneys, alleges upon information and belief, except for his own acts, which are alleged on knowledge, as follows:

### NATURE AND SUMMARY OF THE ACTION

1.      Plaintiff, a stockholder of El Paso Electric Company Partners, L.P. ("El Paso" or the "Company") brings this action against the members of El Paso's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Section 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a) & 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, and 17 C.F.R. § 240.14a-9, arising out of their attempt to sell the Company to Infrastructure Investments Fund and its affiliates ("IIF").

2.      On June 3, 2019, IIF and the Company announced they had entered into a definitive agreement and plan of merger ("Merger Agreement"), by which the Company would merge with Sun Merger Sub Inc. ("Merger Sub"), a subsidiary of Sun Jupiter Holdings LLC ("Sun Jupiter"), and affiliate of IIF (the "Proposed Transaction").  Under the terms of the Merger Agreement, El Paso stockholders will receive $68.25 in cash in exchange for each common share of El Paso (the

"Merger Consideration").  At the time of the announcement, the Proposed Transaction was valued at approximately $4.3 billion in enterprise value.

3.      On July 16, 2019, El Paso filed a Preliminary Proxy Statement on Form PREM14A (the "Proxy") with the United States Securities & Exchange Commission.  The Proxy is materially deficient and misleading because, *inter alia*, it fails to disclose material information regarding the financial analysis performed by the Company's financial advisor, Lazard Frères & Co. LLC ("Lazard"), and the financial projections used by Lazard in preparing its fairness opinion.

4.      Without additional information the Proxy is materially misleading in violation of federal securities laws.

5.      By unanimously approving the Proposed Transaction and authorizing the issuance of the Proxy, the Individual Defendants participated in the solicitation even though they knew, or should have known, that the Proxy was materially false and/or misleading. The Proxy is an essential link in accomplishing, and receiving stockholder approval for, the Proposed Transaction.

6.      The stockholder vote to approve the Proposed Transaction is forthcoming. Under the Merger Agreement, following a successful stockholder vote, the Proposed Transaction will be consummated.

7.      For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants (collectively identified below) from conducting the stockholder vote on the Proposed Transaction unless and until the material information discussed below is disclosed to the holders of El Paso common shares, or, in the event the Proposed Transaction is consummated, to recover damages resulting from the Defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction) and Section 27 of the Exchange Act (15 U.S.C. § 78aa) because Plaintiff alleges violations of Section 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9.

9.      Personal jurisdiction exists over each Defendant either because each has sufficient minimum contacts with this District as to render the exercise of jurisdiction over Defendant by this Court permissible under traditional notions of fair play and substantial justice.

10.      Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because: (i) the conduct at issue had an effect in this District, as the Company's common stock is listed and traded on the New York Stock Exchange within this District; and (ii) Defendants have received substantial compensation in this District by accessing the capital markets active in this District.

## PARTIES AND RELEVANT NON-PARTIES

11.      Plaintiff is, and has been at all relevant times, the owner of El Paso common stock.

12.      Defendant El Paso is a corporation organized and existing under the laws of the state of Texas. It maintains principal executive offices at Stanton Tower, 100 North Stanton Street, El Paso, Texas 79901. El Paso common stock is listed for trading on the New York Stock Exchange under the ticker symbol "EE."

13.      Defendant Paul M. Barbas has served as a director of the Company since 2017.

14.      Defendant James W. Cicconi has served as a director of the Company since 1997.

15.      Defendant Edward Escudero has served as a director of the Company since 2012.

16.      Defendant Mary E. Kipp has served as the President and Chief Executive Officer, and as a director of the Company, since 2015.

17.     Defendant Raymond Palacios, Jr. has served as a director of the Company since 2017.

18.     Defendant Eric B. Siegel has served as a director of the Company since 1996.

19.     Defendant Stephen N. Wertheimer has served as a director of the Company since 1996.

20.     Defendant Charles A. Yamarone is the Chairman of the Board and has served as a director of the Company since 1996.

21.     Defendants referenced in ¶¶ 13 through 20 are collectively referred to as Individual Defendants and/or the Board.

22.     Relevant non-party IIF is a private investment vehicle advised by an infrastructure investment group within J.P. Morgan Investment Management Inc.

## FURTHER SUBSTANTIVE ALLEGATIONS

23.     On June 3, 2019, the Company issued a press release announcing the Proposed Transaction. The Press Release read in relevant part:

> EL PASO, Texas & NEW YORK--(BUSINESS WIRE)--El Paso Electric Company (EPE) (NYSE: EE) and the Infrastructure Investments Fund, an investment vehicle advised by J.P. Morgan Investment Management Inc. (IIF), today announced that they have entered into a definitive agreement under which IIF will purchase EPE for $68.25 in cash per share representing an enterprise value of approximately $4.3 billion.

> "As we look to the future and the long-term investment required to meet the growing energy needs of our communities, we are confident IIF is the ideal partner for our region and EPE. This agreement demonstrates that IIF values local job retention and growth; creating a sustainable path to enhance our renewable energy resources and protecting the environment; and treating our 1,100 employees, their families and our customers with transparency and respect," said Mary Kipp, President and CEO of El Paso Electric. "Our partnership brings value to everyone; our customers, shareholders, our employees and community. This is a tremendous opportunity to scale and prepare the Company for a clean energy future that is local and sustainable."

4

As a long-term investor in utility companies, IIF is aligned with EPE and its mission, and the terms of the agreement include specific commitments to support the growth and success of EPE, its employee base, customers and communities. In the agreement, EPE and IIF have agreed to a number of commitments, which will take effect upon closing and include:

- **Local Workforce Retention and Continuity**: Contains real commitments to ensure that EPE's workforce, including union and non-union employees and management, will remain in place. EPE will continue as an independently-operated, regulated utility while remaining headquartered in El Paso, Texas.
- **Electric Bill Credit for Customers**: EPE and IIF have committed to $21 million in credits on customer electric bills over 36 months.
- **Community Contributions**: EPE and IIF remain committed to $1.2 million in annual charitable contributions under EPE's existing Community Partner Program, which provides employee engagement and financial support to many local organizations that positively impact EPE's service area.
- **Community Economic Sustainability Fund**: EPE and IIF have committed to establish a Community Economic Sustainability Fund to invest $100 million over 20 years to fund growth and economic development in EPE's service area while also taking steps to ensure the continued financial strength of EPE as an engine for local economies.

Matthew LeBlanc, Chief Investment Officer of J.P. Morgan's Infrastructure Investments Group, said, "We are excited about the opportunity to partner with El Paso Electric, its communities and customers in EPE's next phase of growth. As a long-term owner of utilities, we understand the importance of EPE's mission and believe our resources and experience can expand EPE's leadership as a provider of safe, clean, affordable and reliable energy. We have great respect for the strong team of employees at EPE and look forward to working closely with them as active corporate citizens that provide support for programs, organizations and activities that positively impact communities across west Texas and southern New Mexico."

**Agreement Details**

IIF will purchase EPE for $68.25 per share in cash representing an enterprise value of approximately $4.3 billion, including EPE's net debt. The per share purchase price represents a 17% premium to EPE's closing price on May 31, 2019, the last trading day prior to the announcement of the agreement. The agreement has been unanimously approved by EPE's Board of Directors and is expected to close in the first half of 2020, subject to the approval of EPE's shareholders, the receipt of regulatory approvals and other customary closing conditions. Dividends payable to EPE shareholders will continue in the ordinary course through the closing.

**Advisors**

Lazard is serving as financial advisor and Baker Botts L.L.P. is acting as legal advisor to EPE. BofA Merrill Lynch is acting as exclusive financial advisor and Skadden, Arps, Slate, Meagher & Flom LLP is acting as legal advisor to IIF. In addition, IIF has a committed bridge financing facility in place led by BofA Merrill Lynch to support the transaction.

**About El Paso Electric**

El Paso Electric is a regional electric utility providing generation, transmission and distribution service to approximately 428,000 retail and wholesale customers in a 10,000 square mile area of the Rio Grande valley in west Texas and southern New Mexico.

**About The Infrastructure Investments Fund**

The Infrastructure Investments Fund (IIF) is an $11.3 billion private investment vehicle advised by a dedicated infrastructure investment group within J.P. Morgan Investment Management Inc. IIF is responsible for investing and growing the retirement funds of more than 40 million families, including 2 million people across Texas and New Mexico who will be invested in El Paso Electric. Headquartered in New York and London, IIF's investments are generally focused on companies that provide essential services, such as energy, water and transportation, to local communities either under a regulatory construct or long-term contracts.

IIF's 19 portfolio companies are located primarily in the United States, Western Europe and Australia, and include 11 energy, utility and electric generation companies. IIF also has significant experience developing renewable energy sources, having invested approximately $3 billion in renewable power generation assets which collectively provide 3.4 GW of renewable capacity (enough to power three million homes for a year).

IIF's family of companies serve over 20 million customers and employ over 9,000 people who actively engage in their communities by building good relationships, providing open and ongoing communications and transparency over activities, and giving back through volunteer activities, community funding and philanthropic initiatives.

**The Proxy Misleads El Paso's Stockholders by Omitting Material Information**

24.    On July 16, 2019, the Company filed the materially misleading and incomplete Proxy with the SEC.  Designed to convince El Paso's stockholders to vote in favor of the Proposed

Transaction, the Proxy is rendered misleading by the omission of critical information concerning Lazard's financial analyses, and the potential conflicts of interest faced by Intrepid in advising the Company to enter into the Proposed Transaction.

### *Material Omissions Concerning Lazard's Financial Analyses*

25.     The Proxy describes Lazard's fairness opinion and the various valuation analyses it performed in support of its opinion. However, the description of Lazard's fairness opinion and analyses fails to include key inputs and assumptions underlying these analyses. Without this information, as described below, El Paso's stockholders are unable to fully understand these analyses and, thus, are unable to determine what weight, if any, to place on Lazard's fairness opinion in determining how to cast their vote on the Proposed Transaction. This omitted information, if disclosed, would significantly alter the total mix of information available to El Paso's stockholders.

26.     With respect to Lazard's *Discounted Cash Flow Analysis*, the Proxy omits: (i) the underlying line items to calculate the estimated future cash flows that the Company is expected to generate for each of the fiscal years 2019 through 2027; (ii) the individual inputs and assumptions underlying the discount rates ranging from 4.75% to 5.25% and Adjusted EBITDA multiples from 11.75x to 12.75x; and (iii) the assumed terminal value of the Company at the end of 2027.

27.     With respect to Lazard's *Dividend Discount Analysis*, the Proxy omits: (i) the projected future dividends per share; and (ii) the inputs and assumptions underlying the equity discount rate ranging from 5.75% to 6.25% and dividend growth rate ranging from 2.00% to 3.00%.

28.     With respect to Lazard's *Price Target Analysis*, the Proxy omits: (i) the analyst stock price targets for El Paso; and (ii) the sources of these price targets and the identity of the respective analysts.

29.     With respect to Lazard's *Infrastructure Returns Analysis*, the Proxy fails to disclose: (i) whether the terminal P/E multiples were applied on a trailing, forward, or other basis; and (ii) the inputs and assumptions underlying the range of internal rates of return from 7.0% to 10.0%

30.     Accordingly, Plaintiff seeks injunctive and other equitable relief to prevent the irreparable injury that Company stockholders will continue to suffer absent judicial intervention.

## CLAIMS FOR RELIEF

### COUNT I

**Claim for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and El Paso**

63.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

64.     The Individual Defendants disseminated the false and misleading Proxy, which contained statements that, in violation of Section 14(a) of the Exchange Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading.  El Paso is liable as the issuer of these statements.

65.     The Proxy was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy.

66.     The Individual Defendants were at least negligent in filing the Proxy with these materially false and misleading statements.

67.     The omissions and false and misleading statements in the Proxy are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.   In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy and in other information reasonably available stockholders.

68.     The Proxy is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

69.     By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

70.     Because of the false and misleading statements in the Proxy, Plaintiff is threatened with irreparable harm.

<u>**COUNT II**</u>

**Claim for Violation of Section 20(a) of the Exchange Act**
**Against the Individual Defendants**

71.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

72.     The Individual Defendants acted as controlling persons of El Paso within the meaning of Section 20(a) of the Exchange Act as alleged herein.   By virtue of their positions as officers and/or directors of El Paso and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

73.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy alleged by Plaintiff to be misleading prior to and/or shortly after these

statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

74.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy.

75.     By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

76.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these Defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Defendants' conduct, Plaintiff is threatened with irreparable harm.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment and relief as follows:

A.     Preliminarily and permanently enjoining Defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.     In the event Defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.      Directing the Individual Defendants to disseminate a Proxy that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.      Declaring that Defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as Rule 14a-9 promulgated thereunder;

E.      Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

F.      Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury on all issues so triable.

Dated:  August 1, 2019

Respectfully submitted,

By: _/s/ William Fields_____
William Fields
**LEVI & KORSINSKY, LLP**
30 Broad Street, 24th Floor
New York, NY 10004
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: wfields@zlk.com

*Attorneys for Plaintiff*

**LEVI & KORSINSKY, LLP**
Donald J. Enright (to be admitted *pro hac vice*)
Elizabeth K. Tripodi (to be admitted *pro hac vice*)
1101 30th Street, N.W., Suite 115
Washington, DC 20007
Tel: (202) 524-4290
Fax: (202) 337-1567
Email: denright@zlk.com
        etripodi@zlk.com

*Attorneys for Plaintiff*